IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> PLAINTIFF, <br><br> V. <br><br> MOONEYS PUB INC. D/B/A MOONEY'S PUB, *et al.* <br><br> DEFENDANTS. | CASE NO: 14-CV-1223 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AND STRIKE COMPLAINT**

NOW COMES Plaintiff, Joe Hand Promotions, Inc. ("Plaintiff"), through its attorney John B. Wolf of the law firm of Weissberg and Associates, Ltd., and as *Plaintiff's Response to Defendants' Motion to Dismiss and Strike Complaint* ("Motion to Dismiss") states as follows:

### I.   STATEMENT OF PROPOSITIONS AND POINTS OF LAW

1.   Mooneys Pub Inc.'s and Michelle Bruce's (collectively, "Defendants") Motion to Dismiss should be denied. The predicates for the Motion to Dismiss fail for three reasons: (1) 805 ILCS 5/13.70(a) is not applicable to the case at bar and Plaintiff has standing to sue[1]; (2) the appropriate statute of limitations to apply to this cause of actions is the three year period codified in 17 U.S.C. § 507(b), and therefore, the statute of limitations has not expired[2]; and (3) the Plaintiff's Complaint makes sufficient allegations to maintain this action against Michelle Bruce in her individual capacity[3].

---

[1] See *St. Louis Hills Urological Associates, Inc. v. Nicoletti,* 153 Ill.App.3d 1044 (5th Dist. 1987)
[2] *See KingVision Pay Per View v. Boom Town Saloon, Inc.*, 98 F.Supp. 2d 958 (N.D. Ill. 2000) and *Joe Hand Promotions, Inc. v. Duede*, 09-1320, 2010 WL 1782260 (C.D. Ill. Feb. 16, 2010)
[3] *J & J Sports Prods., Inc. v. Premium Lounge, Inc.*, 4:13CV1740 TIA, 2014 WL 2711852 (E.D. Mo. June 16, 2014).

1

## II.    LAW AND ARGUMENT

**A.    805 ILCS 5/13.70(a) Does Not Apply to the Instant Case and Plaintiff has Standing to Sue**

2.    805 ILCS 5/13.80(a) is inapplicable to the instant case because ILCS 5/13.80(a) does not prevent a foreign corporation such as Plaintiff from merely maintaining a civil action in Illinois unless that corporation is also conducting business transactions in Illinois without a license, and Plaintiff does not conduct business transactions in Illinois.

3.    In the Motion to Dismiss, however, Defendants argue that under Illinois law *no* foreign corporation may bring a civil action unless they are registered with the Illinois Secretary of State citing to *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manner, Inc.*, 929 F.2d 343, 344-346 (7th Cir.1991) ("*Wagner*") and to *APC Filtration, Inc. v. Becker*, 646 F. Supp.2d 1000, 1004-1006 (N.D.Ill. 2009) ("APC Filtration") in support of this assertion.

4.    While Plaintiff concedes that it is not registered to do business in the State of Illinois, that fact is not relevant and does not preclude the Plaintiff from initiating this civil action. In *St. Louis Hills Urological Associates, Inc. v. Nicoletti,* 153 Ill.App.3d 1044 (5th Dist. 1987) ("*St. Louis Hills*") the Appellate Court of Illinois, Fifth District held that the mere filing of a civil action does not constitute transacting business for purposes of the act: "A foreign corporation can maintain a civil action in this state as long as it is not engaging in business in Illinois without a certificate of authority." *Id.* at 1044.

5.    Further, the Plaintiff is not actually "transacting business" in Illinois under Illinois law – nor does the Defendants Motion to Dismiss offer any proof to the contrary. *St. Louis Hills* also addressed this issue, stating as follows:

> **Defendant bears the burden on this issue; a burden which is not satisfied by merely showing plaintiff is a foreign corporation**. Defendant has presented no

facts on the record to support his motion. Moreover, those facts alleged in his brief do not constitute transacting business within the intendments of the statute. ***In the absence of proof to the contrary, we will assume plaintiff is not transacting business in Illinois in violation of the statute and therefore can maintain its civil action***. (Emphasis added).

*Id* at 1044.

In the instant case, Defendants' Motion to Dismiss offers no "proof" that Plaintiff has ever transacted business in Illinois, and as such has not met their burden of proof on this issue pursuant to *St. Louis Hills*.

6.   This lack of "proof" may stem from the fact that the Defendants illicitly pirated commercial broadcasts without the consent or authorization of Plaintiff.  In a strange twist of logic, the Defendants seem to theorize that **their** act of unlawfully intercepting and pirating a cable broadcast, the only factual allegation currently in the record relating to any use of the Plaintiff's property, is synonymous with the Plaintiff doing business in Illinois.

7.   To paraphrase the Defendants' legal theory:  I can steal your product and there is nothing you can do about it because you have not registered "to transact business" in the State of Illinois.[4]

8.   Additionally, even had Defendants sufficiently <u>proven</u> that Plaintiff does in fact engage in some form of business in the State of Illinois, which Defendants do not even attempt to prove, Plaintiff would still not be required to obtain a certificate of authority if it is "simply conducting interstate commerce…" *See Subway Rests., Inc. v. Riggs*, 696 N.E.2d 733, 737 (Ill.

---

[4] Due to the doctrine of minimum contacts, Plaintiff would also not be able to bring suit in its home state of Pennsylvania for most Illinois-based Defendants, as they would not be reasonably expected to be haled into court pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). This would effectively leave Plaintiff with no venue in which it could seek relief.

App. Ct. 1 Dist. 1998). Because Plaintiff is a provider of satellite signals, Plaintiff regularly engages in interstate commerce throughout the country as a natural function of its business.[5]

9. The defendant bears the burden of establishing that the plaintiff is conducting business in violation of 803 ILCS 5/13, a burden that was not met in the Motion to Dismiss and would be contrary to the facts. *See* St .Louis Hills*; Subway Rests., Inc. v. Riggs*, 696 N.E.2d 737 (Ill. App. Ct. 1 Dist. 1998); *Mass Transfer Inc. v. Vincent Const. Co.*, 585 N.E.2d 1286, 1289 (Ill. App. Ct. 5th Dist. 1992); *JAMAX CORPPRATION v. City of Bridgeport,* Dist. Court, SD Illinois 2006.)

10. Accordingly, the Court should deny the Motion to Dismiss on this basis.

**B.     The Statute of Limitations Has Not Expired**

11. The statute of limitations for actions brought pursuant to 47 U.S.C. §553 and 605 is three years from the date of the Broadcast, as the Federal Copyright Act, 17 U.S.C. § 507(b), is the most analogous statute to 47 U.S.C. §§ 553 and 605 containing an explicit limitation period. Furthermore, even if an Illinois state statute were to be considered more analogous to 47 U.S.C. §§ 553 and 605, the statute of limitations for the instant case would still be analogized to five years pursuant to 720 ILCS 5/16-18 and 735 ILCS 5/13-205. Because the Broadcast occurred within three years of the filing date of the instant action, Plaintiff's Complaint was timely filed.

12. In the Motion to Dismiss, Defendants allege that the statute of limitations lapsed for counts listed in the Complaint, arguing for a two-year statute of limitations from the time of the Broadcast, which was April 21, 2012.[6]

---

[5] Furthermore, the sole case cited by Defendants' to support this position, the *Wagner case,* merely addressed the issue of whether a defendant waives the right to raise the issue of a plaintiff's standing through "specific negative averment." In *Wagner*, the Seventh Circuit did *not* decide the issues discussed in the Motion to Dismiss, namely the applicability of 803 ILCS 5/13 to foreign corporations. *Wagner* instead adroitly sidesteps the issue, relegating the topic to a single footnote, which reads: "In view of our holding that defendants waived Wagner's capacity to sue, we need not decide whether 'in any court of this State' applies to federal district courts sitting in Illinois." (*Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manner, Inc.*, 929 F.2d 343, Ftnt. 1).

13.     Simply put, the holding in *Joe Hand Promotions Inc. v. Jacobson*, 874 F.Supp.2d 1010 (D. Oregon 2012) ("*Jacobson*"), the Plaintiffs' sole cited authority for this issue, has neither precedential nor persuasive value for this Court's determination of the applicable statute of limitations.

14.     There is no question that the statutes in question, 47 U.S.C. §§ 553 and 605, do not have explicit statutes of limitations. Further, neither the 7th Circuit Court of Appeal nor the Court in this judicial district has conclusively addressed this issue as of the filing of this response. Therefore, this issue is ripe for adjudication.

15.     In analyzing which statute best analogizes 47 U.S.C. §§ 553 and 605 for the purposes of determining a statute of limitations, this court may choose between either a federal statute or a state statute. *See Berger v. AXA Network LLC,* 459 F.3d 804, 808 (7th Cir. 2006) ("*Berger*") and *Reed v. United Transp. Union*, 488 U.S. 319, 319 (1989) ("*Reed*").

16.     In seeking to apply the holding in *Jacobsen*, which favors the Electronic Communications Privacy Act of 1986 ("ECPA") as the governing statute of limitations for 47 U.S.C. §§ 553 and 605, Defendants failed to cite to any 7th Circuit cases – because no such cases exist. Courts sitting in Illinois have instead analogized their statutes of limitations to the Federal Copyright Act, 17 U.S.C. § 507(b) ("Copyright Act")[7], the state statute for conversion, 735 ILCS 5/13-205, or, more recently, have discussed using the Illinois Cable Piracy Act, 720 ILCS 5/16-

---

[6] The Defendants' sole authority for this position is *Joe Hand Promotions Inc. v. Jacobson*, 874 F.Supp.2d 1010 (D. Oregon 2012) ("*Jacobson*") wherein the District Court of Oregon ruled that a two-year statute of limitations was held to apply to 47 U.S.C. §§ 553 and 605 on the basis of the Electronic Communications Privacy Act of 1986 ("ECPA") being their most analogous statute, pursuant to *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355-56, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) ("*Lampf*").

[7] When analogized to the Copyright Act, the statute of limitations for 47 U.S.C. §§ 553 and 605 have been held to be three (3) years.

18[8] ("ICPA").  *See KingVision Pay Per View v. Boom Town Saloon, Inc.*, 98 F.Supp. 2d 958 (N.D. Ill. 2000) ("*KingVision*"); *That's Entertainment of Illinois, Inc. v. Centel Videopath, Inc.*, No. 93–1471, 1993 U.S. Dist. LEXIS 19488 (N.D.Ill. Dec. 9, 1993). *See also Joe Hand Promotions, Inc. v. Duede*, 09-1320, 2010 WL 1782260 (C.D. Ill. Feb. 16, 2010) report and recommendation adopted, 09-1320, 2010 WL 1790368 (C.D. Ill. Apr. 30, 2010) ("*Duede*").

17. Therefore, in ruling on the Motion to Dismiss, this Court must make several determinations: (1) which of the Copyright Act and ECPA is more analogous to 47 U.S.C. §§ 553 and 605; and (2) is the ICPA more analogous to 47 U.S.C. §§ 553 and 605 than either the Copyright Act or the ECPA, and, if so, (3) what is its statute of limitations?

      i. **The Copyright Act Is More Analogous to 47 U.S.C. §§ 553 and 605 Than the ECPA, at Least in Illinois**

18. In the Motion to Dismiss, Defendants cite exclusively to *Jacobson*, an Oregon District Court case, in support of a two-year statute of limitations.  Significantly, the Defendants avoid any discussion of any 7th Circuit decisions or decisions by courts sitting in Illinois.

19. No court sitting in Illinois has ever applied anything less than a three year statute of limitations.  For example, in *Kingvision*, the Illinois Northern District held that "either the three-year statute of limitations found in the Copyright Act, 17 U.S.C. § 507(b), or the five-year statute of limitations provided by Illinois law for actions claiming conversion, codified at 735 ILCS 5/13-205" is the governing statute of limitations for actions arising under 47 U.S.C. §§ 553 and/or 605.[9]  In *KingVision* the court provided an actual analysis of which statutes are to be considered analogous to 47 U.S.C. §§ 553 and/or 605 and why they should be so considered, an

---

[8] Prior to the Illinois CLEAR Initiative of 2012, The ICPA was formerly known and cited to as '725 ILCS 16-18 *et seq.*' The statute of limitations for 47 U.S.C. §§ 553 and 605 when analogizing to the ICPA will be discussed in greater detail below.
[9] Like *KingVision*, the case at bar does not require an exact determination between these two possibilities (3 or 5 years), as the Broadcast occurred within 3 years from the date of the Complaint's filing.

analysis which is missing from *Jacobson*[10]. In making this determination, the court in *KingVision* reasoned as follows:

> Two decisions (including one in this district) have applied the three-year statute of limitations found in the Copyright Act.; *Entertainment by J & J, Inc. v. Tia Maria Mexican Restaurant & Cantina, Inc.,* 97 F.Supp.2d 775, ——, 2000 WL 718307, at 10 (slip op.) (S.D.Tex.2000). In those decisions, the courts reasoned that the Copyright Act provided a "close fit" with the Cable Act: both statutes pertain to the theft of property, *see That's Entertainment,* 1993 U.S. Dist. LEXIS 19488, at *18; both statutes could apply to the same act of piracy of a communication signal, where the owner of the proprietary rights to the communication retains the copyright, *see id.;* and both the Copyright Act and the Cable Act contain similar damage structures, providing for either actual or statutory damages, at plaintiff's election, a discretionary increase or decrease in damages based on the level of a defendant's culpability, and an award of attorneys' fees and costs to the prevailing party. *See id.* at *19; *Id.*

20.     Specifically, no court in the entire 7th Circuit has ever held the ECPA to be the most analogous statute to 47 U.S.C. §§ 553 and 605

21.     Finally, as a matter of law, a district court sitting in Oregon is restricted to mining Oregon state law for analogous state statutes. As Defendants quote in their Motion to Dismiss, "federal courts must borrow the most analogous statute of limitations from state law" (Motion to Dismiss ¶5, quoting from *Berger*). Any court's determination on this subject must at least *consider* the possibility of using an analogous state law – and only from the state in which that court sits. In light of the fact that Oregon courts and Illinois courts do not have the same sets of laws from which to make such an analysis, any analysis or determination regarding ECPA from *Jacobson* is inapplicable and at best tangential to the instant case. For these reasons, among others, the Copyright Act is the preferred federal statute, compared to the ECPA, for the purposes of analogizing 47 U.S.C. §§ 553 and 605 in the state of Illinois.

---

[10] Although Judge Hubel does reference an earlier analysis contained in *Kingvision Pay-Per-View Ltd. v. Shilo Inn*, 05-cv-1065-HU (D. Or. Mar. 1, 2006), this analysis is unpublished and is unavailable for general public access.

   **ii**.  **Analogizing the ICPA to 47 U.S.C. §§ 553 and 605 is Hampered by the ICPA's Lack of an Explicit Limitation Period; the ICPA is Omitted by Defendants in the Motion to Dismiss**

  22. On January 1, 2003, Illinois enacted the ICPA. Like 47 U.S.C. §§ 553 and 605, the ICPA itself lacks an explicit limitation period. Therefore, applying the ICPA to 47 U.S.C. §§ 553 and 605 for the purposes of determining a statute of limitations would require this Court to first judicially determine an actual limitation period for the ICPA – an unwieldy process at best. Once such a judicial determination of Illinois law is made, the court would presumably be able to then analogize the "analogized ICPA" to 47 U.S.C. §§ 553 and 605 directly, in a process that is essentially a two-layered "double determination".

  23. Such a double determination is unnecessary where an existing analogous federal statute such as the Copyright Act provides a limitation period. Although Defendants fail to mention the ICPA in the Motion to Dismiss, Defendants' citations and quotations to *Berger* and *Reed* imply the position that a state statue should be borrowed in preference to a federal statute, subject to certain exceptions.

  24. The most recently published case in this district to consider his legal question, *Duede*, offered an analysis that raised questions related to the ICPA without actually making a determination on this issue – therefore, the issue is ripe for adjudication in this district.

   **iii.**  **Even if the ICPA Is More Analogous to 47 U.S.C. §§ 553 and 605 than the Copyright Act, the Statute of Limitations for this Action Would Still Be at Least Three Years**

  25. The court in *Duede* analyzed and questioned the effect of the ICPA on the *Kingvision* holding. *See Duede*. *Duede*'s report and recommendation, although ultimately leaving the question of the preference between the ICPA and the Copyright Act open, included an in-depth analysis of the state statutes that had been previously been offered as analogous to the ICPA.

26. One particular case discussed heavily in *Duede*, *Russian Media Group, LLC v. Cable America, Inc.*, 2008 WL 360692 (N.D.Ill.2008) ("Russian Media"), held that the five year limitations in 735 ILCS 5/13-205 ("[for] civil actions not otherwise provided for") applied to an action under the ICPA, in preference to the limitations on criminal prosecutions located at 720 ILCS 5/3-5[11]. As *Duede* notes, however, *Russian Media* did not address the possibility of using the two-year statute borrowed from 735 ILCS 5/13-202 ("actions … for a statutory penalty").

27. In light of the aforementioned discussion in *Duede* and ruling in *Russian Media*, it's clear that to date, there have been three possible limitation periods for the ICPA:

    a. 735 ILCS 5/13-205 – Five Years for "civil actions not otherwise provided for"
    b. 735 ILCS 5/13-202 – Two years for "actions for a statutory penalty"
    c. 720 ILCS 5/3-5 – 3 years for felonies, 1.5 years for misdemeanors (Criminal Basis)

28. The court in *Russian Media* rejected the application of 720 ILCS 5/3-5. Further, the plain language and ordinary meaning of the ICPA provides further support for rejecting the application of 720 ILCS 5/3-5. The ICPA provides for both misdemeanor and felony charges, including provision 720 ILCS 5/16-18(c)(v) which makes violations where the service obtained is $300 or greater a class 4 felony. In addition to this, there are numerous other provisions dealing with the specific conditions for determining whether felony or misdemeanor charges apply. Furthermore, the ICPA also provides the option for the damaged party to sue for actual damages (720 ILCS 5/16-16-18(h)(3)(A)) or statutory damages (720 ILCS 5/16-16-18(h)(3)(B)). In light of these provisions, it's clear that 720 ILCS 5/3-5 as the basis for a civil statute of limitations is at odds with the law as it was written, as it would be illogical to use the criminal portions of the statute in lieu of the civil portions when analogizing a statute of limitations in a

---

[11] The statute of limitations per 720 ILCS 5/3-5 would be 1.5 years for actions analogous to misdemeanors and 3 years for actions analogous to felonies under the ICPA.

9

civil case, such as the instant case, *especially* when those provisions are subject to change on the basis of a few hundred dollars difference in services obtained. Therefore, Plaintiff avers that Russian Media's preference for 735 ILCS 5/13-205 over 720 ILCS 5/3-5 should not be overturned.

29.     The only remaining issue to discuss in this analysis is the possibility of using 735 ILCS 5/13-202 to set the limitations period for the ICPA, a question raised but not answered in *Duede*. However, 735 ILCS 5/13-202 relates to actions brought seeking *statutory penalties*, and in *KingVision*, state statutory penalties were summarily rejected as an inappropriate source for borrowing statutes of limitation: "[it is] inappropriate *under any circumstance* to borrow from state law the limitations period governing statutory penalties."[Emphasis added]

30.     Although the court in *KingVision* did not have the ICPA to analyze at the time of its decision, this fact is largely irrelevant given *KingVision*'s rejection of borrowing limitations periods from statutory penalties. Because of the nature of the aforementioned "double determination" process proposed to analogize the ICPA, there would be no actual, substantive difference between directly borrowing the statute of limitations from 735 ILCS 5/13-202, and borrowing the ICPA only to subsequently borrow 735 ILCS 5/13-202.

31.     Finally, even if the analysis in *KingVision* is not applicable, the very definition of a "statutory penalty" is at complete odds with the ICPA. The court in *Duede* provides the following definition for "statutory penalty" in its fourth footnote:

> The Illinois Supreme Court has defined a statutory penalty as "(1) impos[ing] automatic liability for a violation of its terms; (2) set [ting] forth a predetermined amount of damages; and (3*) impos[ing] damages without regard to the actual damages* suffered by the plaintiff." *Landis v. Marc Realty LLC,* 919 N.E.2d 300, 307 (2009) (citation omitted). [Emphasis Added]
> 
>                                         *Duede*, p. 3 (Ftnt. 4)

32.     The ICPA does not set forth a predetermined amount of damages, a requirement under (2) in the above definition, and furthermore does *not* impose damages without regard to the actual damages suffered by the Plaintiff, a requirement under (3) above. Under the ICPA, the complaining party in a civil action may elect to recover *actual damages* or statutory damages that vary from as low as $250 to as high as $60,000, with the amount at the discretion of the court.  The ICPA also provides the court with the power to award punitive damages. (See 720 ILCS 5/16-18(h) *et seq.)* Any argument that would attempt to call the choice between *actual damages* and statutory damages ranging from $250 to $60,000 as "predetermined" and "without regard to actual damages" certainly has a very different definition of statutory penalties than what was articulated by the Illinois Supreme Court.

    **iv.**   **Conclusion of Statute of Limitations Issue**

33.     The Plaintiff has argued for the statute of limitations in the case at bar to reflect either the three-years analogized in the Copyright Act or the five-year limitation period analogized in the ICPA and 735 ILCS 5/13-205 for the following reasons: (i) *Jacobson* and it's ruling on the ECPA are inapplicable to this state, and are at odds with preexisting case law; (ii) Defendants failed to mention the ICPA, despite stating in their Motion to Dismiss that state law must be considered when analogizing a limitation period, and therefore implicitly denied its applicability; (iii) Analogizing the ICPA would require a "double analogy", which may have unintended consequences; and (iv) Even if the ICPA were to be analogized for this purpose using the "double analogy" process, the underlying statute to be analogized should be the five years provided for in 735 ILCS 5/13-205, in light of Russian Media and the Illinois Supreme Court definition of "statutory penalties" precluding all other possibilities.

34.     Therefore, the Motion to Dismiss should be denied on this basis.

### C. Defendant Michelle Bruce Individually is a Proper Party

35. Michelle Bruce is properly named in the Complaint as a party to the instant case, and may be found to be individually liable as a result of her actions depending on the results of discovery and further litigation. Plaintiff's allegations regarding Michelle Bruce in the Complaint were sufficiently pleaded.

36. In the Motion to Dismiss, Defendants cite to *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 971-972 (2nd Cir. 1997) ("*Softel*") and to *J&J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469, 472-473 E.D.N.Y 2009 ("*291 Bar*") in support of dismissal for failure to plead.

37. The Allegations against Michelle Bruce are adequately pleaded. First and foremost, with respect to Michelle Bruce, Plaintiff alleges the following in the Complaint:

> 6. Upon information and belief, Defendant MICHELLE BRUCE is an officer, director, shareholder and/or principal of MOONEYS PUB INC. d/b/a MOONEY'S PUB
> …
> 8. Upon information and belief, Defendant MICHELLE BRUCE was the individual with supervisory capacity and control over the activities occurring within the Establishment on April 21, 2012.
>
> 9. Upon information and belief, Defendant MICHELLE BRUCE received a financial benefit from the operations of MOONEYS PUB INC. d/b/a MOONEY'S PUB on April 21, 2012.

Complaint, ¶¶ 6, 8, 9

38. The Plaintiffs fail to mention the allegations in Paragraph 9 of the Complaint. A plain reading of the Motion to Dismiss would suggest that Defendants intentionally omitted ¶9 of the Complaint from their argument, as ¶9 is a direct allegation for the individual liability of Michelle Bruce. Indeed, even the Motion to Dismiss parenthetically mentions that the

"Individual Defendant must be alleged to have … reaped commercial benefit from the infringing acts".

39. In any case, the *Softel* is not on-point: in *Softel*, the 2nd Circuit only affirmed the dismissal of the president of a corporation from individual liability because the plaintiff in that case had failed to produce <u>evidence</u> sufficient to establish a claim of contributory liability *after a bench trial*.

40. In this case, the parties are not at issue, discovery has not even been opened, and certainly no evidence has been adduced by this Court. *Softel* did *not* hold anything that would suggest that Michelle Bruce could be dismissed from individual liability at the pleading stage of this litigation.

41. Granting Defendants' request to have Michelle Bruce dismissed as a party to this suit at this early juncture would be extremely prejudicial to Plaintiff, as Plaintiff would not be afforded the possibility to conduct any discovery, oral and written, or even provide additional supporting documentation from which additional evidence may be adduced sufficient to conclusively establish the claim of individual liability alleged in the Complaint.

42. A more analogous case is *J & J Sports Prods., Inc. v. Premium Lounge, Inc.*, 4:13CV1740 TIA, 2014 WL 2711852 (E.D. Mo. June 16, 2014) ("*Premium Lounge*"). In *Premium Lounge*, the court held as follows:

> This case is at the motion to dismiss, not the summary judgment, stage. Plaintiff need not prove his case but merely plead sufficient facts to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555. Here, the complaint indicates Defendant Gorg's direct involvement with Defendant establishment. Defendant correctly notes that Plaintiff must ultimately demonstrate that there exists no distinction between the individual's actions and that of his corporation to be individually liable. *However, the Court finds that the short and plain statement is sufficient to give Mr. Gorg proper notice and that, once the parties conduct discovery, the record may or may not show personal liability on the part of*

> *Defendant Gorg*. Therefore, the Court will not grant Defendants' motion to dismiss against Defendant Gorg individually. [Emphasis added] *Id.*

Unlike in *Softel*, *Premium Lounge* actually addresses the stage in which the instant case is also pending, namely a pre-discovery dismissal motion, rather than post-trial as in *Softel*, and therefore is more applicable to the instant case.

43. Finally, Defendants' citation to *291 Bar* also does not apply to the case at bar. *291 Bar* specifically states in relevant part that "… the complaint must establish that the individual had a 'right and ability to supervise' the violations, as well as an obvious and direct financial interest in the misconduct." Given that ¶¶ 6, 8, 9 in the Complaint specifically state that Michelle Bruce had supervisory control of the activities occurring in the establishment on the date of the Broadcast and that Michelle Bruce received a financial benefit from the Broadcast, the pre-requisite conditions listed in *291 Bar* were met in Plaintiff's Complaint.[12]

### III.  CONCLUSION

44. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Budz*, 398 F.3d at 908; *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant such a motion unless it appears beyond doubt that the plaintiff cannot prove its claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 The complaint need only provide a short and plain statement of the claim sufficient

---

[12] *291 Bar* is also an Eastern District of New York Case, and as such is subject to the same kind of objection fully detailed in Plaintiff's earlier argument against the use of *Jacobson* with respect to the statute of limitations issue. In the Motion to Dismiss, it appears that Defendants carelessly cited inapplicable law from other districts and circuits without concern to their applicability or precedential value in this Court.

to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

WHEREFORE, for the foregoing reasons, Plaintiff, Joe Hand Promotions, Inc. prays that this Honorable Court enter an order denying in full Defendants' Motion to Dismiss and Strike Complaint, and for any further relief as the court deems just or appropriate.

Dated:  July 28, 2014                                       Respectfully Submitted,

**JOE HAND PROMOTIONS, INC.**, Plaintiff


By: _____/s/ John B. Wolf_____
       One of its attorneys


John B. Wolf, Esq. (Attorney No. 6287700)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Email:  john@weissberglaw.com

**CERTIFICATE OF SERVICE**

    I, John B. Wolf, hereby certify that on July 28, 2014, I caused ***Plaintiff's Response to Defendants' Motion to Dismiss and Strike Complaint*** to be served upon to the following persons through the District Court's ECF/CM electronic filing system:

>Daniel G. O'Day, Esq.
>Robert J. Hanauer, Esq.
>415 Hamilton Blvd.
>Peoria, Illinois  61602
>Email:  doday@cfgolaw.com
>Email:  rhanauer@cfgolaw.com

           /s/ John B. Wolf
           John B. Wolf